IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-00934-PAB-MEH

POLICA HOUSTON,

     Plaintiff,

v.

DAMON SMITH, in his official and individual capacity,
CAROLE JENNINGS, in her official and individual capacity,
MICHAEL CARTER, in his official and individual capacity,
TRAMAINE DUNCAN, in his official and individual capacity,
VICKI REINHARD, in her official and individual capacity, and
DEBBIE GERKIN, in her official and individual capacity,

     Defendants.

---

## MINUTE ORDER

**Entered by Chief Judge Philip A. Brimmer**

     This matter is before the Court on Plaintiff's Unopposed Motion to Dismiss Defendant Carol Jennings in her Individual and Official Capacity [Docket No. 26]. The motion does not identify under what rule she moves to dismiss Ms. Jennings. *See id.* at 1–2.

     Rule 41(a)(1)(A) allows a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," or by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). "Although Rule 41(a)(1)(A) refers to dismissal of the 'action,' the rule permits the dismissal of fewer than all parties so long as all claims against a particular party are dismissed." *Kristina Consulting Grp., LLC v. Debt Pay Gateway, Inc.,* 2022 WL 881575, at *2 n.4 (10th Cir. Mar. 25, 2022) (unpublished). Rule 41(a)(2) provides that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).

     Defendants, including Ms. Jennings, filed a partial motion to dismiss on June 10, 2024. Docket No. 14. Plaintiff has not filed a notice or stipulation pursuant to Rule 41(a)(1), but rather a motion to dismiss Ms. Jennings that does not indicate whether the

claims against her should be dismissed with or without prejudice.  Because plaintiff's motion does not conform to Rule 41(a)(1), the Court will deny it without prejudice for plaintiff to clarify her intent.

Accordingly, it is

**ORDERED** that Plaintiff's Unopposed Motion to Dismiss Defendant Carol Jennings in Her Individual and Official Capacity [Docket No. 26] is **DENIED without prejudice**.

DATED October 21, 2024.