IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-00934-PAB-CYC

POLICA HOUSTON,

     Plaintiff,

v.

DAMON SMITH, in his individual capacity,

     Defendant.

---

**ORDER**

---

This matter comes before the Court on Plaintiff's Motion for Contempt [Docket No. 87] and Amended Plaintiff's Motion for Contempt[1] [Docket No. 88]. Defendant filed a response. Docket No. 89.

This case was originally set for trial on February 9, 2026. Docket No. 49 at 1. On January 23, 2026, the parties attended a trial preparation conference ("TPC"). Docket No. 82. During the TPC, the Court informed the parties that another trial, which was older, was also set to begin on February 9, 2026, and that this trial would be vacated if the other trial proceeded. *See id.* On February 4, 2026, the Court vacated the trial in this case and ordered counsel to jointly contact Chambers no later than

---

[1] There is no discernible difference between plaintiff's motion for contempt and plaintiff's amended motion for contempt, other than the fact that only plaintiff's original motion has exhibits attached. *Compare* Docket No. 87 *with* Docket No. 88. For convenience, the Court will cite to plaintiff's amended motion for contempt.

February 11, 2026 to reschedule the trial.  Docket No. 86.  On February 11, 2026, the

Court re-set the trial for November 16, 2026.  Docket No. 90.

On February 10, 2026, plaintiff filed a motion for contempt and an amended

motion for contempt.  Docket Nos. 87, 88.  That same day, defendant filed a response.

Docket No. 89.  Plaintiff states that he has filed his motion "under FRCP 45."  Docket

No. 88 at 1.  He asserts that nine individuals failed to comply with their trial subpoenas.

*Id.* at 1-2.  Accordingly, plaintiff states that he "requests any sanctions the court deems

appropriate."  *Id.* at 2.  As grounds for these sanctions, plaintiff inquires "whether

these[ ] witnesses were instructed not to comply with their subpoenas and whether the

delay accepting a new trial date was an intentional act to prejudice Plaintiff."  *Id.*

The Court will deny plaintiff's motion for several reasons.  First, it is unclear what

relief plaintiff is requesting.  While he titles his motion a motion for contempt, the content

of his motion requests sanctions and does not mention contempt.  *See generally id.*

Plaintiff states he is moving under Rule 45.  *Id.* at 1.  Rule 45(d)(1) allows the Court to

grant sanctions, but only to "[a] party or attorney responsible for issuing and serving a

subpoena" when he or she fails to "take reasonable steps to avoid imposing undue

burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45(d)(1); *see

also Baier v. Princeton Off. Park, L.P.*, 2018 WL 5253288, at *5 (D.N.J. Oct. 22, 2018)

(under Rule 45(d)(1), "any sanctions are intended to punish the issuer of the subpoena,

not, as here, the subject of the subpoena."); *Baker v. Ensign*, 2014 WL 3058323, at *13

(S.D. Cal. July 3, 2014) ("Rule 45 allows for the imposition of monetary sanctions

against a party or attorney who serves a subpoena, not a party or attorney who

responds to a subpoena.").  Here, plaintiff served the subpoenas at issue, *see* Docket

2

Nos. 87-1, 87-2, 87-3, 87-4, 87-5, 87-6, 87-8, 87-9, but presumably is not seeking sanctions against himself.

Rule 45(g) allows a court to hold a party in contempt "who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(g). While plaintiff labels his motion a motion for contempt, it is unclear whether he requests the Court hold the subpoenaed individuals, rather than opposing counsel, in contempt. If plaintiff seeks this relief, the Court refuses to grant it for two reasons. First, "[i]n civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena." *United States v. Mattison*, No. 24-cv-00158-GPG-CYC, 2025 WL 1504388, at *4 (D. Colo. May 27, 2025) (quoting Fed. R. Civ. P. 45(g) advisory committee's note to 2013 amendment). Plaintiff does not request that the Court order compliance with the subpoenas. Second, it does not appear that plaintiff's subpoenas are enforceable. Defendant asserts that, "[u]pon information and belief, Plaintiff failed to tender any witness fee or mileage at the time of service or at any point since." Docket No. 89. Rule 45(b)(1) requires that, "if the subpoena requires [a] person's attendance," then the issuer of the subpoena must "tender[ ] the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). "Failure to tender witness fees and reasonably estimated mileage fees at the time of service of the subpoena renders the subpoena unenforceable." *Martinelli v. Petland, Inc.*, 2010 WL 3947526, at *8 (D. Kan. Oct. 7, 2010); *see also Davis v. Andujar*, No. 08-cv-00245-MSK-KMT, 2009 WL 4908180, at *2 (D. Colo. Dec. 17, 2009). Plaintiff did not file a reply or otherwise dispute that he failed to tender any witness or mileage fees. Thus, plaintiff's subpoenas

appear to have been unenforceable, and the subpoenaed individuals were not obligated

to appear.[2]

Finally, plaintiff questions whether defendant delayed accepting a new trial date

to intentionally prejudice plaintiff.  Docket No. 88 at 2.  As an initial matter, it is unclear

what this has to do with plaintiff's request for relief under Rule 45, which governs

subpoenas.  Moreover, there is no indication that defendant delayed in accepting a new

trial date.  The Court ordered the parties to contact Chambers no later than February

11, 2026 to reschedule the trial.  Docket No. 86.  Plaintiff filed the motion for contempt

on February 10, 2026.  Docket No. 88.  On February 11, 2026, the parties contacted

chambers, and the trial was re-set for November 16, 2026.  Docket No. 90.  Thus, it

appears that defendant timely accepted a new trial date.

Therefore, it is

**ORDERED** that Plaintiff's Motion for Contempt [Docket No. 87] is **DENIED**.  It is

further

**ORDERED** that Amended Plaintiff's Motion for Contempt [Docket No. 88] is

**DENIED**.

DATED June 23, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge

---

[2] Defendant also argues that there was an adequate excuse not to appear
because the trial for which the individuals were subpoenaed to testify was vacated.
Docket No. 89 at 2.  The Court need not determine whether this constitutes an
adequate excuse because it finds that plaintiff's subpoenas were invalid.