IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 24-cv-00934-PAB-CYC

POLICA HOUSTON,

Plaintiff,

v.

DAMON SMITH, in his individual capacity,

Defendant.

---

**ORDER**

---

This matter comes before the Court on Defendant's Motion for Preservation Testimony of Witness Scott Fiske [Docket No. 96]. Plaintiff has filed a response, Docket No. 99, and defendant has filed a reply. Docket No. 100.

## I. BACKGROUND[1]

This case was originally set for trial on February 9, 2026. Docket No. 49 at 1. On January 23, 2026, the parties attended a trial preparation conference ("TPC"). Docket No. 82. During the TPC, the Court informed the parties that another trial, which was older, was also set to begin on February 9, 2026, and that this trial would be vacated if the other trial proceeded. *See id.* On February 4, 2026, the Court vacated the trial in this case and ordered counsel to jointly contact Chambers no later than February 11, 2026 to reschedule the trial. Docket No. 86. On February 11, 2026, the Court re-set the trial for November 16, 2026. Docket No. 90.

[1] The following facts are undisputed unless otherwise noted.

On October 2, 2026, defendant filed a motion to preserve the testimony of Scott Fiske, a defense witness. Docket No. 96. While Dr. Fiske was available to testify during the original trial dates, he is now scheduled to travel outside the United States from the afternoon of November 16, 2026 until November 26, 2026.[2] *Id.* at 1-2. Therefore, defendant seeks leave to preserve Dr. Fiske's testimony by recorded videoconference. *Id.* at 2. On October 19, 2026, plaintiff filed a response, indicating that his "first request" is for Dr. Fiske to attend trial in person. Docket No. 99 at 2. In the alternative, plaintiff requests that Dr. Fiske show good cause to permit live remote testimony via contemporaneous transmission. *Id.* Plaintiff objects to the preservation of Dr. Fiske's testimony. *Id.* Plaintiff states that he has served a subpoena on Dr. Fiske to attend trial. *Id.* at 1.

## II. ANALYSIS

"In determining whether to permit a preservation deposition, a number of courts in this District have considered the following four factors: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order." *Murphy v. Schaible, Russo & Co., C.P.A's, LLP*, No. 19-cv-02808-WJM-NYW, 2022 WL 309697, at *6 (D. Colo. Feb. 1, 2022) (collecting cases). In *Murphy*, the court determined that, in addition to these factors, the witness must also be

[2] Although trial commences on November 16, 2026, that day will be used for voir dire and, if time permits, opening statements. It is highly unlikely witnesses will be called to testify before Dr. Fiske needs to leave for his afternoon flight.

"unavailable" within the meaning of Rule 32(a)(4), which governs the use of depositions when a witness is unavailable. *Murphy*, 2022 WL 309697, at *7; *see also* Fed. R. Civ. P. 32(a)(4); *Bays Expl., Inc. v. Pensa, Inc.*, 2012 WL 122313, at *1 (W.D. Okla. Jan. 12, 2012) ("Fed. R. Civ. P. 32(a)(4) permits the use at trial of the deposition of an 'unavailable witness' in lieu of that witness's live testimony."). Plaintiff does not discuss the factors set out in *Murphy* or Rule 32(a)(4).[3] *See generally* Docket Nos. 96, 99.

Rule 32(a)(4)(B) states that a witness is unavailable if the witness "is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a)(4)(B). It is unclear whether this language applies to a witness that resides within 100 miles from the place of the trial, but will traveling outside the United States during the pertinent trial dates. One court noted that "[t]he rule does not appear to contemplate the present situation where a witness will be close by—such that he could be served by a trial subpoena—but he recently advises counsel he has plans to be more than 100 miles away throughout the scheduled trial dates." *Torres v. Transguard Ins. Co. of Am. Inc.*, 2015 WL 12632029, at *5 (D. Ariz. June 26, 2015). Nevertheless, the court found that "the deposition of [the witness] will be allowed and if [the witness] is more than 100 miles away from the courthouse during trial, Plaintiffs may introduce his testimony." *Id.* In coming to this decision, the court noted that it would be a substantial burden on the witness to appear and that defendant had not established that it would be a burden to allow the deposition. *Id.*

[3] Defendant does not discuss the factors in his motion, but does address them in his reply. Docket No. 100 at 3-4.

Given the fact that the plain language of the rule contemplates a witness that "is . . . outside the United States" and is not limited to a witness that resides outside the United States, the Court finds that Dr. Fiske is unavailable.[4]

Turning to the factors set out in *Murphy*, plaintiff does not assert that the preservation of Dr. Fiske's testimony would cause him any surprise or prejudice, instead asserting, without explanation, that he "objects to the preservation testimony of Mr. Scott Fiske." Docket No. 99 at 2. "Video-conference testimony is easily arranged for either deposition or trial, allowing for relatively inexpensive live testimony even when the witness is not physically present in the courtroom." *F.H.G. Corp. v. Green Wave, Inc.*, 2017 WL 2728412, at *7 (D. Utah June 23, 2017); *see also LaFond Fam. Tr. v. Allstate Prop. & Cas. Ins. Co.*, No. 19-cv-00767-KLM, 2019 WL 3734459, at *3 (D. Colo. Aug. 8, 2019) ("Depositions are routinely utilized at trial for impeachment, and to present testimony in lieu of live testimony when the witness is unavailable."). Due to plaintiff's failure to assert any prejudice, the Court finds that this factor weighs in favor of defendant.

Next, even if any prejudice does exist, plaintiff can cure such prejudice through his ability to examine and cross-examine Dr. Fiske during the deposition and raise appropriate objections. Plaintiff provides no reason why preserving testimony through a recorded deposition would be insufficient. Thus, the Court finds that the recorded

[4] Dr. Fiske might also be unavailable under Rule 32(a)(4)(E), which applies when "exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." Fed. R. Civ. P. 32(a)(4)(E). However, defendant has not provided sufficient information about Dr. Fiske's travel for the Court to make this determination.

videoconference provides a suitable alternative considering that Dr. Fiske will be out of the country during trial.

As to the third factor, plaintiff does not assert that allowing preservation testimony would disrupt the trial. While trial is set to commence on November 16, 2026, the parties would have approximately three and a half weeks to conduct the deposition. No party asserts that this would not be feasible or that trial would be delayed. Thus, the Court finds that this factor weighs in favor of defendant.

Finally, the Court finds that defendant did not file this motion in bad faith. Plaintiff does not assert that defendant knew about Dr. Fiske's unavailability yet delayed filing this motion. Plaintiff does not assert that Dr. Fiske's absence is due to any action of defendant. Moreover, defendant states that he attempted to confer with plaintiff about this motion several times, but plaintiff did not respond to defendant's repeated emails and phone calls. Docket No. 96 at 1. Defendant first attempted to contact plaintiff on September 14, 2026, approximately two months before trial was set to commence. *Id.* Additionally, this trial was initially set to commence on February 9, 2026, but was reset to commence on November 16, 2026. Docket No. 90. No motion regarding Dr. Fiske's availability was filed before the November trial date and defendant asserts that Dr. Fiske would have been available for the initial trial dates. Docket No. 96 at 1. This indicates that Dr. Fiske's unavailability is not due to improper purposes.

Weighing the four factors, the Court finds that plaintiff has not identified any prejudice to him from preserving Dr. Fiske's testimony before trial. The Court also finds that allowing preservation testimony would not disrupt the trial, that such a request is not made in bad faith, and that granting this motion will prevent undue hardship to Dr.

Fiske, who would have to cancel his travel arrangements. Therefore, the Court will grant the motion. Any difficulties with scheduling Dr. Fiske's deposition should be brought to the attention of the magistrate judge assigned to this case.

Finally, defendant asserts that he intends to preserve Dr. Fiske's testimony by "recorded videoconference." Docket No. 96 at 2. It is unclear to the Court what constitutes a "recorded videoconference." The Court finds that Dr. Fiske's testimony must be preserved by a recorded deposition that adheres to the requirements of Federal Rule of Civil Procedure 30, as well as any other relevant federal rules governing depositions.

## III. CONCLUSION

Therefore, it is

**ORDERED** that Defendant's Motion for Preservation Testimony of Witness Scott Fiske [Docket No. 96] is **GRANTED**. It is further

**ORDERED** that the parties shall preserve Dr. Fiske's testimony through a recorded deposition.

DATED October 21, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge